William ROUSER, Petitioner—
Appellant,

v.

Cheryl PLILER, Warden, et al.,
Respondents—Appellees.

No. 03–16463.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William Rouser, Represa, CA, pro se.

Paul Edward O'Connor, Office of the Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

## MEMORANDUM **

California state prisoner William Rouser appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Rouser contends that his petition is timely because the 1–year period of limitation did not begin to run until August 2001, when he received an affidavit from his former cellmate, Marion Bradley, together with a copy of Bradley's Rules Violation Report ("Bradley documents"). Because Rouser could have discovered the information contained in the Bradley documents at the time of his trial in 1995, and because no state-created impediment prevented their discovery, we conclude that the statute of limitations began to run when Rous-er's conviction became final in June 1998. *See* 28 U.S.C. § 2244(d)(1)(A).

Rouser also contends that he is entitled to equitable tolling because the state's failure to produce Bradley's Rules Violation Report prior to his 1995 trial violates *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and constitutes prosecutorial misconduct. Because we conclude that there was no *Brady* violation, *see United States v. Zuno–Arce*, 339 F.3d 886, 890 (9th Cir.2003) (stating that to establish a *Brady* violation the evidence at issue must be either exculpatory or impeaching), Rouser's equitable tolling claim fails.

Rouser further contends that the actual innocence gateway of *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), is available to him to overcome his untimeliness. We conclude, however, that the new evidence presented by Rouser in the form of the Bradley documents does not entitle him to pass through the *Schlup* gateway. *See Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir.2002) (stating that to satisfy *Schlup*, "a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (citation and internal quotation marks omitted).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.